[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 18, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10329
Non-Argument Calendar

_____

D. C. Docket No. 08-00005-CV-DHB-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERICK GREGORY MARTIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(August 18, 2009)

Before CARNES, WILSON and FAY, Circuit Judges.

PER CURIAM:

Erick Gregory Martin appeals the district court's 60-month sentence, the result of a 3-month upward variance, following his conviction for being a felon in possession of a firearm. On appeal, he contends that this sentence was unreasonable. For the reasons set forth below, we affirm.

**I.**

A federal grand jury returned an indictment against Martin, charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count One), and possession of crack cocaine, in violation of 21 U.S.C. § 844 (Count Two). Pursuant to a written plea agreement, Martin pled guilty to Count One of the indictment, and the government agreed to dismiss Count Two.

In preparing a pre-sentence investigation report ("PSI"), the probation officer determined that Martin had a total offense level of 21 and a criminal history category of III, giving him an applicable guideline range of 46 to 57 months' imprisonment. Martin's criminal history category of III was based on a 1999 conviction in Georgia for possession with intent to distribute cocaine, a 2002 conviction in Georgia for possession of marijuana and obstruction of an officer, and the fact that he committed the instant offense while on probation for the 1999 offense. In this respect, from 2001 to 2008, Martin had his probation for the 1999 offense revoked and reinstated numerous times. In addition, and although they did

2

not result in any criminal history points, Martin was convicted in Georgia of several offenses between 1993 and 1998, including: carrying a firearm without a license and discharging firearms; carrying a concealed weapon; simple battery and obstruction of an officer (for which he had his probation revoked); possession of marijuana with intent to distribute (for which he had his probation revoked three times); simple battery (for which he had his probation revoked); obstruction of an officer; and driving with a suspended license. Because this criminal conduct did not affect Martin's criminal history category, the probation officer recommended either an upward departure under the Guidelines or an upward variance under the 18 U.S.C. § 3553(a) factors.

At sentencing, and after confirming that there were no objections to the PSI, the court adopted the probation officer's factual statements and guideline calculations. Defense counsel then called Earnest Wade, coordinator of the fatherhood program at the Heart of Georgia Technical School, a program designed to provide vocational training and rehabilitation to young men coming out of prison. Having known Martin all of Martin's life, Wade testified favorably as to Martin's character, explained that Martin had performed well and graduated from the fatherhood program back in 2006, and requested a lenient sentence in order to both minimize the harm to Martin's five children and get Martin back into the

3

fatherhood program. In engaging Wade in a discussion regarding the fatherhood program and recidivist behavior in general, the court expressed concern over Martin's criminal history and the number of lenient opportunities that he had in the past.

Despite acknowledging Martin's lengthy criminal history, defense counsel requested that the court impose a sentence at the low-end of the guideline range, emphasizing Martin's drug problem and the possibility of rehabilitation. After Martin personally apologized for his actions and expressed his new found devotion to religion, the government requested that the court impose an upward variance to 65 months' imprisonment in light of Martin's criminal history.

After stating that it had considered the PSI, the advisory guideline range, the § 3553(a) factors, and "everything else [it] kn[e]w about the Sentencing Reform Act and the federal law relating to sentencing," the court sentenced Martin to 60 months' imprisonment. In imposing this three-month upward variance, the court emphasized Martin's pattern of recidivism. This appeal followed.

## II.

We review a defendant's sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, __, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007). "[T]he party who challenges the sentence bears

4

the burden of establishing that the sentence is unreasonable in the light of both that record and the factors in section 3553(a)." U.S. v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "Review for reasonableness is deferential. We must evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." Id.

### III.

In this case, Martin contends that his sentence was substantively unreasonable, but the only argument he advances on appeal to support this contention is that the reasons justifying the district court's upward variance were already "contemplated and addressed by the guideline themselves." Even assuming arguendo that the premise of Martin's argument is correct, he offers no legal support for this assertion, and we have previously rejected a very similarly argument. See United States v. Amedeo, 487 F.3d 823, 833 (11th Cir. 2007) ("And as for Amedeo's argument that certain aspects of his conduct . . . had already been considered in imposing an enhancement under [the Guidelines], Amedeo points to no authority that deems it impermissible for the district court to also have considered this conduct in imposing a variance in light of the factors set forth in § 3553(a)."). Furthermore, Martin's conclusory statement at the end of his brief that a three-month variance was "not likely to impact [Martin] or the public"

5

is wholly inadequate to show that the court's sentence was somehow substantively unreasonable.  Accordingly, Martin has not met his burden in this regard, and we therefore affirm his sentence.

**AFFIRMED.**